[Cite as *State v. Johnson*, 2013-Ohio-3306.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 12CA0050-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN W. JOHNSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 08-CR-0282 |

DECISION AND JOURNAL ENTRY

Dated: July 29, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Brian Johnson, appeals from the judgment of the Medina County Court of Common Pleas. This Court reverses.

I

{¶2} On April 15, 2008, Brian and Carol Johnson gave birth to a son, N.J. On June 6, 2008, the Johnsons brought N.J. into the emergency room after noticing something was wrong with his arm. N.J. was diagnosed with a displaced fracture of the right humerus and twelve additional bone fractures in various stages of healing.

{¶3} Brian Johnson was indicted on three counts of felonious assault: one count for May 23rd through May 30th; one count for May 31st through June 6th; and one count for June 6th. In addition, Johnson was indicted on five counts of child endangering: two counts covering the time period of May 23rd through May 30th; one count for May 31st through June 5th; one count for May 31st through June 6th; and one count for June 6th.

{¶4} A jury found Johnson not guilty of felonious assault for May 23rd through May 30th and guilty of the remaining counts. The court sentenced Johnson to seven years for each of the two felonious assaults, and six years for one of the child endangering charges for May 23rd through May 31st. The court found the remaining child endangering counts were allied offenses of similar import. The court ordered Johnson's sentences to be served consecutively, for a total of twenty years in prison. Johnson appealed and this Court affirmed in part, reversed in part, and remanded for re-sentencing. *State v. Johnson*, 9th Dist. Medina No. 09CA0054-M, 2011-Ohio-3623.

{¶5} On remand the trial court conducted several hearings and ultimately sentenced Johnson to seven years on each of the two felonious assault convictions and six months on each of the child endangering convictions. The court found the two felonious assaults were not allied offenses of similar import and ordered the sentences to be served consecutively. The court further ordered the child endangering sentences to be served consecutive to one another, but concurrent to the felonious assault. Johnson now appeals and raises four assignments of error for our review. To facilitate the analysis, we address the assignments of error out of order.

## II

### Assignment of Error Number Two

THE TRIAL COURT'S SENTENCE OF CONSECUTIVE, NEARLY MAXIMUM TERMS FOR THE FELONIOUS ASSAULTS WAS CONTRARY TO THE PURPOSES OF THE STATE'S SENTENCING SCHEME AND [R.C.] 2929.14(C)(4)[.]

{¶6} In his second assignment of error, Johnson argues that the court erred in relying on incorrect factual findings when imposing consecutive sentences.

{¶7} R.C. 2929.14(C)(4) permits the court to impose consecutive sentences if it finds (1) "that the consecutive service is necessary to protect the public from future crime or to punish

the offender," (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * *.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused * * * was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public * * *.

R.C. 2929.14(C)(4).

{¶8} At the May 4, 2012 sentencing hearing, the court acknowledged that it had the discretion to impose consecutive sentences if it found that consecutive sentences were necessary to protect the public and punish the offender and were not disproportionate. The court then went on to make specific findings regarding its decision to impose consecutive sentences.

> Under R.C. 2929.14(C)(4), the [c]ourt's going to conclude in this case, based on the numerous and, the [c]ourt has to say, horrific injuries that were suffered by a very, very young child, that the harm in the case is so great and so unusual that a single term would not adequately reflect the seriousness of the conduct of this Defendant in causing these injuries, that has been found by the doctors, as well as other hospital personnel, and the injury in this particular case, as a result of that, the [c]ourt's going to order consecutive sentences in this particular case * * *.

{¶9} Johnson argues that the court erred in relying on fractures that occurred prior to May 31st when it found that the "harm caused * * * was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct." *See* R.C. 2929.14(C)(4)(b).

{¶10} Prior to imposing a prison sentence, the court recapped the facts in order to determine whether some of the offenses were allied offenses of similar import. In doing so, the

court detailed that "there [we]re a series of events; one, the broken * * * arm, that occurred June 6th; then a series of events that resulted in, well, twelve other separate fractures between May 31st and June 6th." The court went on to conclude that the two felonious assaults were "not allied offenses of similar import but, in fact, two separate counts of felonious assault: One, the June 6th felonious assault relating to the arm hanging and being taken to the emergency room; and then the May 31st to June 6th events resulting in the other offenses, the other twelve separate fractures, including fractures to the head, ribs, the right humerus, and several other bones."

{¶11} This factual finding is unsupported by the record. In fact, in its brief, the "State concedes all of the twelve fractures did not occur between May 31st and June 6th." Because the court relied on this erroneous factual finding in its rationale for ordering the two felonious assault sentences to be served consecutively, we must reverse the trial court's imposition of consecutive sentences and remand this matter for the trial court to conduct a new hearing to determine whether consecutive sentences are appropriate based on the facts of this case.

{¶12} Johnson's second assignment of error is sustained.

### Assignment of Error Number Four

THE TRIAL COURT INCORRECTLY SENTENCED MR. JOHNSON ON ALLIED OFFENSES UNDER *JOHNSON*[.]

{¶13} In his fourth assignment of error, Johnson argues that the trial court erred in sentencing him on both felonious assault charges because they are allied offenses of similar import. Because the trial court relied on the erroneous factual findings in its determination that the offenses were not allied, we decline to address this assignment of error. Instead, we remand this issue for the trial court to address in the new hearing.

Assignment of Error Number One

THE TRIAL COURT SENTENCED MR. JOHNSON FOR CONDUCT OF WHICH HE HAD BEEN ACQUITTED.

Assignment of Error Number Three

THE TRIAL COURT FAILED TO ADEQUATELY CONSIDER THE PURPOSES AND PRINCIPLES OF [R.C.] 2929.11, AS WELL AS THE FACTORS LISTED IN [R.C.] 2929.12[.]

{¶14} In his first and third assignments of error, Johnson asserts additional sentencing errors. In light of our disposition of Johnson's second assignment of error, these assignments of error are moot and we decline to address them. App.R. 12(A)(1)(c).

III

{¶15} Johnson's second assignment of error is sustained. His first and third assignments of error are moot, and we decline to address his fourth. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

WILLIAM T. WHITAKER and ANDREA L. WHITAKER, Attorneys at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and SCOTT G. SALISBURY, Assistant Prosecuting Attorney, for Appellee.